JOHN C. BEIERS (SBN 144282)
jbeiers@smcgov.org
PAUL A. OKADA (SBN 197100)
pokada@smcgov.org
DAVID A. SILBERMAN (SBN 211708)
dsilberman@smcgov.org
MARGARET V. TIDES (SBN 311177)
mtides@smcgov.org
**SAN MATEO COUNTY COUNSEL**
400 County Center, 6th Floor
Redwood City, CA 94063
Tel: (650) 363-4250
Fax: (650) 363-4034
*Attorneys for County of San Mateo and
The People of the State of California*

JENNIFER LYON (SBN 215905)
jlyon@mcdougallove.com
STEVEN E. BOEHMER (SBN 144817)
sboehmer@mcdougallove.com
**McDOUGAL, LOVE, BOEHMER, FOLEY,
LYON & CANLAS**
CITY ATTORNEY FOR CITY OF
IMPERIAL BEACH
8100 La Mesa Boulevard, Ste. 200
La Mesa, CA 91942
Tel: (619) 440-4444
Fax: (619) 440-4907
*Attorneys for City of Imperial Beach and
The People of the State of California*

BRIAN E. WASHINGTON (SBN 146807)
bwashington@marincounty.org
BRIAN C. CASE (SBN 254218)
bcase@marincounty.org
**MARIN COUNTY COUNSEL**
3501 Civic Center Drive, Ste. 275
San Rafael, CA 94903
Tel: (415) 473-6117
Fax: (415) 473-3796
*Attorneys for County of Marin and The People
of the State of California*

*[Additional Counsel Listed on Signature Page]*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| The COUNTY OF SAN MATEO, individually and on behalf of THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Plaintiff,<br><br>v.<br><br>CHEVRON CORP., et al.,<br><br>Defendants. | CASE NO. 3:17-cv-04929-VC<br><br>**PLAINTIFFS' OPPOSITION TO MOTION TO STAY REMAND ORDER PENDING APPEAL**<br><br>Hon. Vince Chhabria |

SHER
EDLING LLP

**PLAINTIFFS' OPP. TO MOT. TO STAY REMAND ORDER PENDING APPEAL
CASE NOS. 3:17-CV-04929-VC, 3:17-CV-04934-VC, 3:17-CV-04935-VC**

| | |
|---|---|
| THE CITY OF IMPERIAL BEACH, a municipal corporation, individually and on behalf of THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>               Plaintiff,<br><br>    v.<br><br>CHEVRON CORP., et al.,<br><br>               Defendants. | CASE NO. 3:17-cv-04934-VC |
| THE COUNTY OF MARIN, individually and on behalf of THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>               Plaintiff,<br><br>    v.<br><br>CHEVRON CORP., et al.,<br><br>               Defendants. | CASE NO. 3:17-cv-04935-VC |

SHER
EDLING LLP

**PLAINTIFFS' OPP. TO MOT. TO STAY REMAND ORDER PENDING APPEAL
CASE NOS. 3:17-cv-04929-VC, 3:17-cv-04934-VC, 3:17-cv-04935-VC**

# TABLE OF CONTENTS

I.  INTRODUCTION ................................................................................................ 1

II. LEGAL STANDARD ......................................................................................... 2

III. ARGUMENT ..................................................................................................... 3

    A.  Defendants Are Not Likely to Succeed on the Merits of Their Appeal ............... 3

        1.  There Is No Basis for Removal Under 28 U.S.C. § 1442. ................................ 4

        2.  There Is No Basis for Removal Based on Federal Common Law. .................... 5

        3.  There Is No Basis for Federal Question Removal Under *Grable*. .................... 7

        4.  There Is No Basis for Removal Based on Complete Preemption. .................... 9

        5.  There Is No Basis for Removal Under the OCSLA. ........................................ 9

        6.  There Is No Basis for Removal Under the Bankruptcy Statute. ..................... 10

    B.  Defendants Will Not Suffer Irreparable Harm Absent a Stay. .......................... 11

    C.  The Balance of Harms Weighs Sharply in Favor of Plaintiffs ........................... 13

IV. CONCLUSION ................................................................................................ 14

SHER
EDLING LLP

**PLAINTIFFS' OPP. TO MOT. TO STAY REMAND ORDER PENDING APPEAL**
**CASE NOS. 3:17-CV-04929-VC, 3:17-CV-04934-VC, 3:17-CV-04935-VC**

i

# TABLE OF AUTHORITIES

**Cases**

*Am. Elec. Power v. Connecticut*,
    564 U.S. 410 (2011) ................................................................................................. 7

*Broadway Grill, Inc. v. Visa, Inc.*,
    No. 16-CV-04040-PJH, 2016 WL 6069234 (N.D. Cal. Oct. 17, 2016) ............................ 11, 13

*Browning v. Navarro*,
    743 F.2d 1069 (5th Cir. 1984) ................................................................................ 13

*Cal. Shock Trauma Air Rescue v. State Comp. Ins. Fund*,
    636 F.3d 538 (9th Cir. 2011) ................................................................................... 8

*California Dump Truck Owners Ass'n v. Nichols*,
    784 F.3d 500 (9th Cir. 2015) ................................................................................... 9

*Cesca Therapeutics Inc. v. SynGen Inc.*,
    No. 2:14-cv-2085-TLN-KJN, 2017 WL 1174062 (E.D. Cal. Mar. 30, 2017) ......................... 12

*DKS, Inc. v. Corp. Bus. Sols., Inc.*,
    No. 2:15-cv-00132-MCE-DAD, 2015 WL 6951281 (E.D. Cal. Nov. 10, 2015) .................... 13

*E.E.O.C. v. Recruit U.S.A., Inc.*,
    939 F.2d 746 (9th Cir. 1991) ................................................................................. 12

*Empire Healthchoice Assurance, Inc. v. McVeigh*,
    547 U.S. 677 (2006) ................................................................................................. 8

*Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*,
    463 U.S. 1 (1983) ......................................................................................... 8, 9, 12

*Gens v. Kaelin*,
    No. 17-cv-03601-BLF, 2017 WL 3033679 (N.D. Cal. July 18, 2017) ................................. 4

*Golden Gate Restaurant Ass'n v. City and County of San Francisco*,
    512 F.3d 1112 (9th Cir. 2008) ................................................................................ 12

*Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*,
    545 U.S. 308 (2005) ............................................................................................ 6, 7

*Gunn v. Minton*,
    568 U.S. 251 (2013) ................................................................................................. 8

*Hiken v. Dep't of Def., No. C 06-02812 JW*,
    2012 WL 1030091 (N.D. Cal. Mar. 27, 2012) ............................................................ 11

SHER
EDLING LLP

**PLAINTIFFS' OPP. TO MOT. TO STAY REMAND ORDER PENDING APPEAL**
**CASE NOS. 3:17-CV-04929-VC, 3:17-CV-04934-VC, 3:17-CV-04935-VC**

ii

*In re Agent Orange Prod. Liab. Litig.*,
  635 F.2d 987 (2d Cir. 1980) ........................................................................... 7

*In re Deepwater Horizon*,
  745 F.3d 157 (5th Cir. 2014) .......................................................................... 9

*In re RCC S. LLC*,
  No. CV11-2356-PHX-DGC, 2011 WL 6019279 (D. Ariz. Dec. 5, 2011) .............. 3

*In re Universal Life Church, Inc.*,
  128 F.3d 1294 (9th Cir. 1997) *as amended on denial of reh'g* (Dec. 30, 1997) ..... 10

*Jacks v. Meridian Res. Co.*,
  701 F.3d 1224 (8th Cir. 2012) ........................................................................ 4

*Lalonde v. Delta Field Erection*,
  No. CIV.A.96-3244-B-M3, 1998 WL 34301466 (M.D. La. Aug. 6, 1998) .............. 5

*Landis v. N. Am. Co.*,
  299 U.S. 248 (1936) ....................................................................................... 2

*Leiva-Perez v. Holder*,
  640 F.3d 962 (9th Cir. 2011) .................................................................. 2, 3, 14

*Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*,
  634 F.2d 1197 (9th Cir. 1980) ....................................................................... 12

*Manier v. Medtech Prods., Inc.*,
  29 F. Supp. 3d 1284 (S.D. Cal. 2014) ............................................................ 13

*Maui Land & Pineapple Co. v. Occidental Chem. Corp.*,
  24 F. Supp. 2d 1083 (D. Haw. 1998) ............................................................. 13

*Native Village of Kivalina v. ExxonMobil Corp.*,
  696 F.3d 849 (9th Cir. 2012) .......................................................................... 7

*Nken v. Holder*,
  556 U.S. 418 (2009) ............................................................................. 2, 3, 12

*Northrop Grumman Technical Services, Inc. v. DynCorp International LLC*,
  No. 1:16CV534 (JCC.IDD), 2016 WL 3346349 (E.D. Va. June 16, 2016) ........... 11

*Patel v. Del Taco, Inc.*,
  446 F.3d 996 (9th Cir. 2006) .......................................................................... 4

*People v. ConAgra Grocery Prods. Co.*,
  17 Cal. App. 5th 51 (2017) *reh'g denied* (Dec. 6, 2017), *review denied* (Feb. 14, 2018).......... 6

*Providence Journal Co. v. Fed. Bureau of Investigation*,
  595 F.2d 889 (1st Cir. 1979) ......................................................................... 11

SHER
EDLING LLP

**PLAINTIFFS' OPP. TO MOT. TO STAY REMAND ORDER PENDING APPEAL**
**CASE NOS. 3:17-CV-04929-VC, 3:17-CV-04934-VC, 3:17-CV-04935-VC**

iii

*Provincial Gov't of Marinduque v. Placer Dome, Inc.*,
    582 F.3d 1083 (9th Cir. 2009) .................................................................................... 6

*Renegotiation Bd. v. Bannercraft Clothing Co.*,
    415 U.S. 1 (1974) .......................................................................................................... 12

*Salix v. U.S. Forest Serv.*,
    995 F. Supp. 2d 1148 (D. Mont. 2014) ...................................................................... 3

*Sampson v. Murray*,
    415 U.S. 61, (1974) ...................................................................................................... 12

*SFA Grp., LLC v. Certain Underwriters at Lloyd's London*,
    No. CV 16-4202-GHK(JCX), 2017 WL 7661481 (C.D. Cal. Jan. 6, 2017) ........... 13

*Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*,
    240 F.3d 832 (9th Cir. 2001) ...................................................................................... 3

*Tacey Goss P.S. v. Barnhart*,
    No. C13-800MJP, 2013 WL 4761024 (W.D. Wash. Sept. 4, 2013) ....................... 3

*Winston–Salem/Forsyth Cnty. Bd. of Educ. v. Scott*,
    404 U.S. 1221 (1971) .................................................................................................... 2

**Statutes**

28 U.S.C. § 1292(b) ............................................................................................................ 1

28 U.S.C. § 1442 ......................................................................................................... 1, 2, 4

28 U.S.C. § 1447(d) ................................................................................................ 2, 3, 4, 11

28 U.S.C. § 1452(a) ......................................................................................................... 10

SHER
EDLING LLP

**PLAINTIFFS' OPP. TO MOT. TO STAY REMAND ORDER PENDING APPEAL
CASE NOS. 3:17-CV-04929-VC, 3:17-CV-04934-VC, 3:17-CV-04935-VC**

iv

# I.    INTRODUCTION

This Court's Order Granting Motions to Remand[1] rejected every argument in support of federal subject matter jurisdiction asserted by Defendants Chevron Corporation et al., including their "dubious assertion of federal officer removal" under 28 U.S.C. § 1442, concluding that Plaintiffs' lawsuits had been "properly filed in state court and improperly removed to federal court." Remand Order at 5. The Court briefly stayed implementation of its Remand Order until April 20, 2018, to enable Defendants to evaluate their appellate options and to decide whether to seek a further stay, pending the Ninth Circuit's consideration of the jurisdictional issues in this case and/or in the public nuisance cases against many of the same defendants before Judge Alsup. *Id.*

Although Judge Alsup had certified his Order Denying Remand under 28 U.S.C. § 1292(b), no party pursued an interlocutory appeal from that order, and those cases are currently being litigated in federal court on an aggressive schedule. *See People of California v. BP P.L.C.,* et al., Case Nos. 17-cv-06011-WHA (Dkt. Nos. 134–194), 17-cv-06012-WHA (Dkt. Nos. 116–163) (N.D. Cal.). The two California counties and one California city in the cases before *this* Court have no role in the cases before Judge Alsup, though, and can neither pursue discovery into the merits of their claims against Defendants nor take the first steps toward bringing their exclusively state law claims to trial as long as a stay order from this Court is in effect.

The question now before this Court is whether Defendants have met their heavy burden of establishing their entitlement to an equitable stay of all further proceedings in these cases, which have been pending for eight months without any progress as a result of Defendants' meritless removal petitions, until the Ninth Circuit can decide whether this this Court was correct in its jurisdictional analysis. Defendants contend that the Ninth Circuit will be required to consider all of their removal arguments because this Court's rejection of one of those arguments—their

---

[1] *County of San Mateo v. Chevron Corp.,* et al., Case No. 3:17-cv-04929-VC, Dkt. No. 223 (N.D. Cal. Mar. 16, 2018) ("Remand Order"); *City of Imperial Beach v. Chevron Corp.,* et al., Case No. 3:17-cv-04934, Dkt. No. 207 (N.D. Cal. Mar. 16, 2018); *County of Marin v. Chevron Corp.,* et al., Case No., 3:17-cv-04935, Dkt. No. 208 (N.D. Cal. Mar. 16, 2018).

SHER
EDLING LLP

**PLAINTIFFS' OPP. TO MOT. TO STAY REMAND ORDER PENDING APPEAL**
**CASE NOS. 3:17-CV-04929-VC, 3:17-CV-04934-VC, 3:17-CV-04935-VC**

1

"dubious" assertion of federal officer jurisdiction—is appealable as of right. *See* 28 U.S.C. § 1447(d) ("An order remanding a case . . . is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 [providing for federal officer jurisdiction] . . . shall be reviewable"). Even if Defendants' tail-wagging-the-appellate-dog argument were correct, *i.e.*, even if the Ninth Circuit must address the merits of every arguable basis for removal simply because one of those grounds rests upon a baseless assertion of "federal officer" jurisdiction, Defendants have not made the requisite showings that (1) they are likely to succeed on appeal and (2) they will be irreparably harmed such that the balance of equities tips sharply in their favor.

Preliminary litigation activities in state court present a minimal burden to Defendants, particularly given their participation in the fast-moving litigation before Judge Alsup. By contrast, the burden on the public entity Plaintiffs of being forced to suffer an additional one or two years of delay before they can even *begin* to obtain discovery or to pursue their state law rights before state court tribunals (on top of the long delays already caused by Defendants' procedural roadblocks) is substantial and irreparable. For these reasons, the Court should refuse a "departure from the beaten track" and deny Defendants' Motion to Stay. *See Landis v. N. Am. Co.*, 299 U.S. 248, 256 (1936) (Cardozo, J.).

## II.    LEGAL STANDARD

A stay pending appeal "is not a matter of right," but "is instead 'an exercise of judicial discretion,'" with the "party requesting a stay bear[ing] the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 423, 433–34 (2009) (citations omitted). The moving party bears a "heavy burden" in seeking this "extraordinary relief." *Winston–Salem/Forsyth Cnty. Bd. of Educ. v. Scott*, 404 U.S. 1221, 1231 (1971).

The Court must weigh four factors in determining whether to issue a stay: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably harmed absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding and (4) where the public interest lies." *Leiva-Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011) (per curiam) (quoting *Nken*, 556

SHER
EDLING LLP

**PLAINTIFFS' OPP. TO MOT. TO STAY REMAND ORDER PENDING APPEAL**
**CASE NOS. 3:17-CV-04929-VC, 3:17-CV-04934-VC, 3:17-CV-04935-VC**

2

U.S. at 434).[2] In the Ninth Circuit, these factors must be weighed on a sliding scale under which a party seeking a stay must show irreparable harm and either "(a) a strong likelihood of success on the merits and that the public interest does not weigh heavily against a stay; or (b) a substantial case on the merits and the balance of hardships tips sharply in the [applicant's] favor." *Id.* at 970.

No stay may issue without a finding that the threatened harm to the moving party is truly "irreparable" and that such irreparable harm is at least probable. *See Nken*, 556 U.S. at 430 (the "possibility standard is too lenient"); *id.* at 434–35; *Salix v. U.S. Forest Serv.*, 995 F. Supp. 2d 1148 (D. Mont. 2014).. "A showing of a probability, not just possibility, of harm is the 'bedrock requirement,' and 'stays must be denied to all petitioners who did not meet the applicable irreparable harm threshold, regardless of their showing on the other stay factors.'" *Tacey Goss P.S. v. Barnhart*, No. C13-800MJP, 2013 WL 4761024, at *4 (W.D. Wash. Sept. 4, 2013) (quoting *Leiva-Perez,* 640 F.3d at 965). Indeed, the Supreme Court held in *Nken* that even deportation, a grave and potentially life-altering consequence, does not on its own constitute a probable showing of irreparable harm for the purposes of a stay pending appeal. *See* 556 U.S. at 434–35 ("Although removal is a serious burden for many aliens, it is not categorically irreparable."). Because the bar for "irreparable" harm is so high, a court "cannot base stay decisions on assumptions and 'blithe assertions'" by the moving party. *Leiva-Perez*, 640 F.3d at 970 (quoting *Nken*, 556 U.S. at 436).

## III.   ARGUMENT

### A.   Defendants Are Not Likely to Succeed on the Merits of Their Appeal

Defendants had no legitimate basis for asserting federal officer jurisdiction as a ground for removal. Although 28 U.S.C. § 1447(d) allows Defendants to appeal this Court's rejection of that jurisdictional theory, the Ninth Circuit could conclude that a defendant's assertion of a frivolous ground for removal under § 1442 does not trigger mandatory appellate review of all other grounds

---

[2] This test is "substantially identical" to that used in the Ninth Circuit to decide motions for preliminary injunctions and temporary restraining orders. *In re RCC S. LLC*, No. CV11-2356-PHX-DGC, 2011 WL 6019279, at *2 (D. Ariz. Dec. 5, 2011) ("[T]he standard for a stay pending appeal is the same as that required for a preliminary injunction." (citation omitted)); *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 (9th Cir. 2001), *overruled on other grounds*, *Winter v. Natural Res. Defense Council, Inc.*, 555 U.S. 7 (2008) ("[O]ur analysis is substantially identical for [an] injunction and [a] TRO . . . .").

SHER
EDLING LLP

**PLAINTIFFS' OPP. TO MOT. TO STAY REMAND ORDER PENDING APPEAL**
**CASE NOS. 3:17-CV-04929-VC, 3:17-CV-04934-VC, 3:17-CV-04935-VC**

3

for removal that are otherwise non-reviewable. *See* 28 U.S.C. § 1447(d) (in pertinent part, other than federal officer jurisdiction, "[a]n order remanding a case … is not reviewable on appeal or otherwise"); *see also, e.g.*, *Patel v. Del Taco, Inc.*, 446 F.3d 996, 998 (9th Cir. 2006) (limiting review to the basis for removal for which § 1447(d) authorized appeal); *Jacks v. Meridian Res. Co.*, 701 F.3d 1224, 1229 (8th Cir. 2012) (§ 1447(d) precluded the court from considering whether removal was proper under federal common law, and reviewing only removal under the federal officer statute and Class Action Fairness Act, both of which explicitly provide for appeal).

But it makes no difference whether the Ninth Circuit reviews only the federal officer issue or every issue upon which Defendants removed these cases. Even if the Ninth Circuit could consider the merits of Defendants' other jurisdictional arguments, it would likely reach the same conclusion as this Court: Plaintiffs have asserted exclusively California law claims, which should be decided under California law principles, in California state court. While Defendants place great stock in Judge Alsup's contrary conclusion, this Court's Remand Order specifically addressed and rejected the bases for that conclusion, and there is a substantial likelihood that the Ninth Circuit will adopt this Court's analysis—whether it rules on the federal-officer question only or on all of Defendants' meritless arguments.

Although the Court undoubtedly has its legal analysis of the federal jurisdictional issues well in mind, we summarize below the reasons why the Court got it right. But even if Defendants could show a reasonable likelihood of appellate success, they have not come close to demonstrating irreparable harm in the absence of a stay, let alone that the equities tip sharply in their favor, as discussed *infra* at III.B–C.

### 1. There Is No Basis for Removal Under 28 U.S.C. § 1442.

Defendants repeatedly characterize all their arguments in support of federal jurisdiction as "serious," "complex and novel," or "substantial," except for one: their federal-officer argument under 28 U.S.C. § 1442, which, not coincidentally, is the only argument that could trigger Ninth Circuit review of the Remand Order. For the reasons this Court has already stated, that argument is "dubious" at best, if not completely frivolous. Defendants offer no reason to believe the Ninth Circuit would view their argument any more favorably. *See, e.g.*, *Gens v. Kaelin*, No. 17-cv-03601-

SHER
EDLING LLP

**PLAINTIFFS' OPP. TO MOT. TO STAY REMAND ORDER PENDING APPEAL**
**CASE NOS. 3:17-CV-04929-VC, 3:17-CV-04934-VC, 3:17-CV-04935-VC**

4

BLF, 2017 WL 3033679 (N.D. Cal. July 18, 2017) ("Repetition of arguments previously made and rejected is insufficient to satisfy the first *Nken* factor.").

The Court concluded there was no "causal nexus" between Plaintiffs' claims and any activity the Defendants took under the "subjection, guidance, or control" of a federal officer, in part because Plaintiffs' claims are based on a "wider range of conduct" than any activities governed by the contracts and leases cited in Defendants' Notice of Removal or conduct the government would have undertaken in its own right. *See* Remand Order at 5. Specifically, Plaintiffs challenge Defendants' boardroom decisions to withhold information about the dangers inherent in their products, which were in no way controlled by Defendants' proffered leases to extract fossil fuel products from federal lands.

The out-of-circuit cases Defendants cite, *Reed v. Fina Oil & Chem. Co.*, 995 F. Supp. 705, 709 (E.D. Tex. 1998) and *Lalonde v. Delta Field Erection*, No. CIV.A.96-3244-B-M3, 1998 WL 34301466 (M.D. La. Aug. 6, 1998), do nothing to change this Court's conclusion that the requisite causal nexus is absent. In both cases, the defendants established a causal nexus between a period of federal control over the defendants' conduct and the plaintiffs' claims. Here, however, Defendants failed to establish the requisite nexus between federal control and Plaintiffs' claims during *any* period, prompting this Court to characterize Defendants' assertion of federal officer removal as "dubious." Remand Order at 5.a

Defendants offer no reason why the Ninth Circuit would evaluate the merits of their federal-officer argument any differently. They make no assertion, let alone an adequate showing, that they are more likely to prevail on appeal. Because this Court plainly got it right, a stay pending review of this Court's ruling would be inappropriate.

### 2.     There Is No Basis for Removal Based on Federal Common Law.

Defendants are able to make the lukewarm assertion that they have a "reasonable probability" of prevailing on their federal common law removal theory only because they continue to contort and mischaracterize Plaintiffs' Complaints and the controlling law. Defendants rely on Judge Alsup's February 27 order in *California v. BP P.L.C.,* et al., No. 17-cv-6011, Dkt. No. 134, at 3 (N.D. Cal.) ("Alsup Order"), in renewing their contention that Plaintiffs' exclusively

PLAINTIFFS' OPP. TO MOT. TO STAY REMAND ORDER PENDING APPEAL
CASE NOS. 3:17-CV-04929-VC, 3:17-CV-04934-VC, 3:17-CV-04935-VC

5

SHER
EDLING LLP

California law claims are "necessarily governed by federal common law." *Cnty. of San Mateo v. Chevron Corp.,* et al., No. 3:17-cv-4929-VC, Dkt. No. 234 (N.D. Cal. Mar. 26, 2018) ("Mot. to Stay") at 7:1. But this Court specifically considered and rejected Judge Alsup's order in ruling otherwise. Remand Order at 2. Quite simply, Judge Alsup erred by accepting a preemption defense not properly before the court as a basis for jurisdiction, and by failing to apply the exclusive test required by the U.S. Supreme Court, *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005), for determining whether federal question jurisdiction lies over a well-pleaded state law complaint.

Except in the rare circumstance described in *Grable*, there can be no federal question jurisdiction over a complaint that on its face alleges exclusively state law claims, even if those claims are arguably preempted by federal law or subject to a potential federal defense. *See, e.g., Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083 (9th Cir. 2009) (federal question jurisdiction must satisfy both the well-pleaded complaint rule and present a "federal issue embedded in state-law claims that meets the test set forth in *Grable*").

Plaintiffs' claims for relief arise entirely under California law,[3] Federal law does not form a necessary element of any of Plaintiffs' claims. Defendants' wrongful promotion and marketing of fossil fuel products, despite knowledge of their dangers, form well-established grounds for liability under California law. *See People v. ConAgra Grocery Prods. Co.*, 17 Cal. App. 5th 51 (2017), *reh'g denied* (Dec. 6, 2017), *review denied* (Feb. 14, 2018). Moreover, even if Judge Alsup were correct that some federal common law survives the passage of the Clean Air Act, that federal common law would not encompass Plaintiffs' claims challenging Defendants' wrongful promotion and marketing of defective fossil fuel products and their failure to warn of known dangers of unabated use of those products. Indeed, courts have rejected attempts to expand federal common law to sellers of products based on assertions that disputes over the consequences of the product's use may transcend state or international boundaries, may implicate contentious issues of public

---

[3] As such, it is unclear why Defendants believe that a "serious legal question" on appeal will be "whether federal common law nuisance claims . . . are displaced by federal legislation." Plaintiffs pleaded state common law claims in state court.

SHER
EDLING LLP

**PLAINTIFFS' OPP. TO MOT. TO STAY REMAND ORDER PENDING APPEAL**
**CASE NOS. 3:17-CV-04929-VC, 3:17-CV-04934-VC, 3:17-CV-04935-VC**

6

policy or science, and/or may implicate foreign economies or foreign policy. *See, e.g.*, *Jackson v. Johns-Manville Sales Corp.*, 750 F.2d 1314, 1324 (5th Cir. 1985) (allowing state law claims to proceed against asbestos manufacturers, notwithstanding that asbestos-related injuries were "a national problem of immense proportions"). In the class action lawsuit against Agent Orange manufacturers by members of the U.S. Armed Forces who had been exposed while serving in Vietnam, the Second Circuit held that despite the "obvious" federal interest in veterans' welfare:

> [T]here is no federal interest in uniformity for its own sake . . . The fact that application of state law may produce a variety of results is of no moment. It is in the nature of a federal system that different states will apply different rules of law, based on their individual perceptions of what is in the best interests of their citizens. That alone is not grounds in private litigation for judicially creating an overriding federal law.

*In re Agent Orange Prod. Liab. Litig.*, 635 F.2d 987, 994 (2d Cir. 1980). Therefore, even though Defendants rely on Judge Alsup's statement that these cases "attack behavior worldwide," that is not enough to confer federal jurisdiction. *See* Mot. to Stay at 8:2 (citing Alsup Order at 7).

By continuing to mischaracterize Plaintiffs' state law claims as necessarily federal in nature, Defendants conflate the substantive preemption issue that should be decided on remand with the threshold jurisdictional issue that this Court correctly decided. When a federal common law claim has been displaced by federal statute, "the availability *vel non* of a state lawsuit depends, *inter alia*, on the preemptive effect of the federal Act," which is an issue to be decided by the state court on remand, not as a matter of applying federal question jurisdiction. *Am. Elec. Power v. Connecticut*, 564 U.S. 410, 429 (2011); *see also Native Village of Kivalina v. ExxonMobil Corp.*, 696 F.3d 849 (9th Cir. 2012), *cert. denied*, 133 S. Ct. 2390 (2013); Remand Order at 2. Accordingly, there is no merit to Defendants' contention that whether Plaintiffs' state law claims "can be governed by state law" is a serious legal question meriting a stay on appeal, Mot. to Stay at 9:4–5, rather than a preemption defense properly considered by the state court on remand.

### 3.    There Is No Basis for Federal Question Removal Under *Grable*.

Defendants have no meaningful chance of success under *Grable*, because controlling authority squarely forecloses their arguments, and their anemic contention that a "legitimate dispute" exists does not raise any serious legal question. *See* 545 U.S. at 314. First, as the Court

SHER
EDLING LLP

**PLAINTIFFS' OPP. TO MOT. TO STAY REMAND ORDER PENDING APPEAL**
**CASE NOS. 3:17-CV-04929-VC, 3:17-CV-04934-VC, 3:17-CV-04935-VC**

7

correctly ruled, Defendants' voluminous submissions "have not pointed to a specific issue of federal law that must necessarily be resolved to adjudicate the state law claims" in Plaintiffs' complaint. Remand Order at 3–4. Thus Defendants have failed to meet *Grable*'s threshold requirement that a question of federal law is "necessarily raised" on the face of the well-pleaded state law complaints. *See, e.g.*, *Gunn v. Minton*, 568 U.S. 251, 259 (2013); *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 9–10 (1983) (federal question jurisdiction exists only where a "question of federal law is a necessary element of one of the well-pleaded state claims").

Defendants have not presented any such issue in their Motion to Stay, but have instead continued to "gesture to federal law and federal concerns in a generalized way," Remand Order at 4, by once again repeating their assertion that these cases "raise substantial federal issues" related to foreign affairs, federal regulatory policy and "cost-benefit balanc[ing]," and federal disclosure duties. Mot. to Stay at 9. The Court correctly rejected those arguments, because even if Defendants' characterizations were accurate, "[t]he mere potential for foreign policy implications" and "the mere existence of a federal regulatory regime" are "not enough to invoke *Grable* jurisdiction" where they are not essential elements of a plaintiff's complaint. Remand Order at 4. "[A] state-law claim will present a justiciable federal question only if it satisfies *both* the well-plead complaint rule *and* passes [*Grable*'s] 'implicates significant federal issues' test." *Cal. Shock Trauma Air Rescue v. State Comp. Ins. Fund*, 636 F.3d 538, 542 (9th Cir. 2011). Defendants have not made any showing that they can satisfy that standard.

Moreover, Defendants also have not shown any "serious legal question" under *Grable*. Judge Alsup did not address or rule on the San Francisco and Oakland defendants' *Grable* arguments, and Defendants have not cited any post-*Grable* decisions from other circuits supporting their position either. Because Plaintiffs' well-pleaded state law claims do not fall within the "slim category" of cases for which removal is permitted under Supreme Court and Ninth Circuit authority, *see, e.g.*, *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 701 (2006), Defendants cannot establish any likelihood of appellate success on this ground either.

SHER
EDLING LLP

**PLAINTIFFS' OPP. TO MOT. TO STAY REMAND ORDER PENDING APPEAL**
**CASE NOS. 3:17-CV-04929-VC, 3:17-CV-04934-VC, 3:17-CV-04935-VC**

8

**4.    There Is No Basis for Removal Based on Complete Preemption.**

Defendants' position that there is a serious legal question with respect to complete preemption by the Clean Air Act cannot be reconciled with the many cases rejecting complete preemption under the Act, or others rejecting even ordinary preemption defenses. *See* Reply to Mot. for Remand, Case No. 3:17-cv-04929, Dkt. No. 203, at 28–29 nn. 16 & 17 (Jan. 22, 2018) (citing cases). As this Court pointed out in its Remand Order, the Clean Air Act's savings clauses "preserve state causes of action and suggest that Congress did not intend the federal causes of action under those statute 'to be exclusive.'" Remand Order at 3. Defendants do not identify any statutory provision or cite a single case in which the Clean Air Act completely preempted any state tort claims. The one case Defendants cite, *California Dump Truck Owners Ass'n v. Nichols*, 784 F.3d 500 (9th Cir. 2015), is an ordinary preemption case. Ordinary preemption is an issue for consideration in state court and does not support removal on complete preemption grounds. Remand Order at 3; *see also Franchise Tax Bd. of State of Cal.*, 463 U.S. at 14 ("[S]ince 1887 it has been settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption . . ."). Without any authority to support their complete preemption arguments—and in the face of courts finding no complete preemption—Defendants fail to demonstrate the presence of a serious legal question, much less a likelihood of success on the merits that would warrant a stay.

**5.    There Is No Basis for Removal Under the OCSLA.**

Defendants' contention that they have a "substantial argument" for jurisdiction under the Outer Continental Shelf Lands Act ("OCSLA") does not demonstrate that Defendants will succeed on the merits, nor does it present a serious legal question justifying a stay. Defendants instead undermine their own argument by abandoning the test for OSCLA removal jurisdiction they previously championed to now argue that the Court should not have applied that test—without stating what their preferred test should be. *Compare* Joint Opp. at 36 (arguing that "*either* the 'but for test' *or* the 'impaired recovery' test is satisfied," and "Plaintiffs' attack on nationwide extraction and production of fossil fuels easily satisfies both tests.") (citing *inter alia*, *In re Deepwater Horizon*, 745 F.3d 157, 163 (5th Cir. 2014)) *with* Mot. to Stay at 10 ("This Court

SHER
EDLING LLP

**PLAINTIFFS' OPP. TO MOT. TO STAY REMAND ORDER PENDING APPEAL**
**CASE NOS. 3:17-CV-04929-VC, 3:17-CV-04934-VC, 3:17-CV-04935-VC**

9

superimposed a 'but for' causation standard onto OCSLA jurisdiction . . . but the statutory language says nothing of the sort."). The Court properly held that the Defendants did not meet their burden to show "plaintiffs' causes of action would not have accrued *but for* the defendants' activities on the shelf," citing the same case law relied on by Defendants. Remand Order at 4. Defendants' shift from one argument to another does not suggest a strong likelihood of success on the merits. In addition, Judge Alsup did not rely on or discuss OCSLA jurisdiction in his February 27, 2018, order.

### 6. There Is No Basis for Removal Under the Bankruptcy Statute.

With respect to bankruptcy removal, Defendants do not even argue that the requisite "serious legal question" or "strong likelihood of success on the merits" standard has been satisfied. Instead, Defendants posit that this Court's determination that no "close nexus" exists between Plaintiffs claims and extant bankruptcy proceedings presents a "substantial issue." Mot. to Stay at 12:3. But this issue is primarily factual, not legal. Defendants simply parrot their removal arguments—arguments this Court firmly rejected. *See* Mot. to Stay at 12:3–14; Remand Order at 5. Defendants offer no analysis of why those arguments are more likely to succeed on appeal, or why they raise a sufficiently serious legal question as to justify delaying resolution of Plaintiffs' state law claims in state court.

And despite invoking the "serious legal question" standard, Defendants fail to explain why the issue of monetary compensation in the context of the bankruptcy removal statute's police/regulatory power exception, 28 U.S.C. § 1452(a), presents such a question as to justify a stay. Mot. to Stay at 12:14–13:2. Presumably, this is because of the long line of Ninth Circuit precedent rejecting the notion that a governmental entity must have no pecuniary motive whatsoever when exercising its police powers to avail itself of the carveout. *See* Mot. for Remand at 54:3–21 (discussing case law); *see, e.g.*, *In re Universal Life Church, Inc.*, 128 F.3d 1294, 1298–99 (9th Cir. 1997), *as amended on denial of reh'g* (Dec. 30, 1997). Defendants therefore fail to carry even their minimal burden of showing "a substantial case for relief on the merits" that would justify a stay. *See Leiva-Perez*, 640 F.3d at 968.

SHER
EDLING LLP

**PLAINTIFFS' OPP. TO MOT. TO STAY REMAND ORDER PENDING APPEAL**
**CASE NOS. 3:17-CV-04929-VC, 3:17-CV-04934-VC, 3:17-CV-04935-VC**

10

**B.      Defendants Will Not Suffer Irreparable Harm Absent a Stay.**

Defendants' appeal of the Remand Order under 28 U.S.C. § 1447(d) would not become "hollow" without a stay. Nothing that occurs in state court upon remand could moot or even affect Defendants' appeal. The cases Defendants primarily rely on arose in the very different context of orders to disclose documents that would be impossible to effectively claw back if released, thereby effectively mooting any meaningful appeal from the trial courts' disclosure orders. *See Providence Journal Co. v. Fed. Bureau of Investigation*, 595 F.2d 889, 890 (1st Cir. 1979) (once surrendered, "confidentiality will be lost for all time"); *Hiken v. Dep't of Def.*, No. C 06-02812 JW, 2012 WL 1030091, at *2 (N.D. Cal. Mar. 27, 2012) (disclosure of information with "important national security implications" would moot appeal). In the unlikely event the Ninth Circuit were to reverse this Court's Remand Order, the state court proceedings would be suspended, the cases would return to this Court, and discovery and other pre-trial proceedings would presumably pick up exactly where they were left by the state court judges.

Defendants insist that having to litigate their federal appeal and the remanded state court actions at the same time would cause them untold "injury," as they would be "forced to engage in expensive and burdensome discovery in state court." Mot. to Stay at 14:1–5. But Defendants' appeal is not from a potentially dispositive motion that could end all litigation against them. Regardless of the outcome of any appeal, Defendants will still be required to respond to the same discovery, just as they are now being asked to do in the cases before Judge Alsup. No incremental burden could possibly result from having the discovery process in these cases supervised by a California Superior Court rather than by a Federal District Court.

Defendants also complain about being subjected to a "patchwork" of cases in state and federal court. Mot. to Stay at 13:12. But that is a common occurrence when a defendant is sued by multiple entities and is "a not-uncommon result given the limited jurisdiction of federal courts." *Broadway Grill, Inc. v. Visa, Inc.*, No. 16-CV-04040-PJH, 2016 WL 6069234, at *2 (N.D. Cal.

SHER
EDLING LLP

**PLAINTIFFS' OPP. TO MOT. TO STAY REMAND ORDER PENDING APPEAL**
**CASE NOS. 3:17-CV-04929-VC, 3:17-CV-04934-VC, 3:17-CV-04935-VC**                    11

Oct. 17, 2016) (denying motion for stay following grant of motion to remand).[4] Besides, there would be multiple proceedings in this overall litigation whether the state court cases were remanded or not: before the Ninth Circuit, before Judge Alsup (two cases), and before this Court (three additional related cases).

The potential burden of having to respond to lawful discovery is rarely a sufficient basis for obtaining a stay of litigation. "Mere injuries, however substantial, in terms of money, time and energy necessarily expended . . . are not enough." *Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1202 (9th Cir. 1980) (quoting *Sampson v. Murray*, 415 U.S. 61, 90, (1974)). After all, "[m]ere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury." *Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 24 (1974); *see also E.E.O.C. v. Recruit U.S.A., Inc.*, 939 F.2d 746 (9th Cir. 1991) (defendant would not be irreparably harmed if forced to participate in discovery pending appeal). Indeed, "[i]f financial burden was an irreparable harm, then every interlocutory appeal . . . would automatically be stayed, a finding which is contrary to Ninth Circuit precedent." *Cesca Therapeutics Inc. v. SynGen Inc.*, No. 2:14-cv-2085-TLN-KJN, 2017 WL 1174062, at *4 (E.D. Cal. Mar. 30, 2017).

The only case Defendants cite from this circuit, *Golden Gate Restaurant Ass'n v. City and County of San Francisco*, 512 F.3d 1112, 1125 (9th Cir. 2008), is inapposite. There, the court identified the irreparable and "otherwise avoidable financial costs" to San Francisco citizens who would have lost healthcare coverage had the court not stayed its ruling—a far cry from "mere litigation expense," which in any event is not irreparable harm. *See Renegotiation Bd.*, 415 U.S. at

---

[4] *Northrop Grumman Technical Services, Inc. v. DynCorp International LLC*, No. 1:16CV534 (JCC.IDD), 2016 WL 3346349 (E.D. Va. June 16, 2016), cited by Defendants, provides no support for a stay here. In that case, the Eastern District of Virginia emphasized that the defendants' federal officer issues raised "novel" issues of "first impression," including "complex questions and novel legal theories which the Fourth Circuit has yet to evaluate." *Id.* at *3. Moreover, the state court had scheduled trial a mere five weeks after the stay order. *Id.* at *4. Here, of course, the Court has already found Defendants' federal officer issues "dubious," and there are no trial dates set in state court; rather, the case would proceed to motions to dismiss (which, as the Court has already held, the state courts are as competent to hear as federal courts) and discovery (which would also occur in either forum). *See* Remand Order at 5.

SHER EDLING LLP

**PLAINTIFFS' OPP. TO MOT. TO STAY REMAND ORDER PENDING APPEAL**
**CASE NOS. 3:17-CV-04929-VC, 3:17-CV-04934-VC, 3:17-CV-04935-VC**

12

24; *cf. Nken*, 556 U.S. at 434–35 (deportation, by itself, not sufficiently irreparable harm to support stay).

Defendants cannot dispute that whatever discovery may be obtained in state court would continue to be useful and relevant in the unlikely event these cases return to federal court. *See Manier v. Medtech Prods., Inc.*, 29 F. Supp. 3d 1284 (S.D. Cal. 2014) (denying motion to stay remand order pending appeal). Where a case is in its early stages, "the risk of harm to [defendant] if discovery proceeds is low." *DKS, Inc. v. Corp. Bus. Sols., Inc.*, No. 2:15-cv-00132-MCE-DAD, 2015 WL 6951281, at *2 (E.D. Cal. Nov. 10, 2015). Thus, even "if the case proceeds in state court but then ultimately returns to federal court, the interim proceedings in state court may well help advance the resolution of the case." *Broadway Grill, Inc.*, 2016 WL 6069234, at *2.

Defendants have not demonstrated the requisite irreparable harm, and for that reason alone, this Court must deny Defendants' motion, regardless of their proof regarding the other stay factors. *See Leiva-Perez*, 640 F.3d at 965.

### C.    The Balance of Harms Weighs Sharply in Favor of Plaintiffs.

A stay would prevent Plaintiffs from seeking prompt redress of their claims. Proceedings have already been delayed by more than eight months since Plaintiffs filed their first complaints in July 2017. Although Defendants argue that a stay would avoid costly and potentially duplicative litigation, their current appeal "may be a fruitless exercise, costing the parties time and money that could otherwise be spent litigating the merits." *See SFA Grp., LLC v. Certain Underwriters at Lloyd's London*, No. CV 16-4202-GHK(JCX), 2017 WL 7661481, at *2 (C.D. Cal. Jan. 6, 2017).

The public interest does not support Defendants' continued interference with state court proceedings either. *See Maui Land & Pineapple Co. v. Occidental Chem. Corp.*, 24 F. Supp. 2d 1083 (D. Haw. 1998) (refusing to stay remand order pending appeal because, in part, "the public interest at stake in this case is the interference with state court proceedings"); *see also Browning v. Navarro*, 743 F.2d 1069, 1079 n.26 (5th Cir. 1984) (declining to stay remand pending appeal "out of respect for the state court and in recognition of principles of comity").

Because Defendants have not demonstrated a strong likelihood of success on the merits, they must show both that their appeal raises serious legal questions and that the balance of

SHER
EDLING LLP

**PLAINTIFFS' OPP. TO MOT. TO STAY REMAND ORDER PENDING APPEAL**
**CASE NOS. 3:17-CV-04929-VC, 3:17-CV-04934-VC, 3:17-CV-04935-VC**

13

hardships "tips sharply" in their favor. *See Leiva-Perez*, 640 F.3d at 971. Defendants have made no such showing, and the Court should therefore deny their requested stay.

## IV.    CONCLUSION

For the reasons explained above, this Court should deny Defendants' Motion to Stay the Remand Order Pending Appeal.


Dated:  April 2, 2018                                **OFFICE OF THE COUNTY COUNSEL**
                                                    **COUNTY OF SAN MATEO**

                                        By:  */s/ John C. Beiers*
                                                JOHN C. BEIERS, County Counsel
                                                PAUL A. OKADA, Chief Deputy
                                                DAVID A. SILBERMAN, Chief Deputy
                                                MARGARET V. TIDES, Deputy

                                                *Attorneys for County of San Mateo and The*
                                                *People of the State of California*


Dated:  April 2, 2018                                **OFFICE OF THE COUNTY COUNSEL**
                                                    **COUNTY OF MARIN**

                                        By:  */s/ Brian E. Washington*
                                                BRIAN E. WASHINGTON, County Counsel
                                                BRIAN C. CASE, Deputy County Counsel

                                                *Attorneys for County of Marin and The People*
                                                *of the State of California*


Dated:  April 2, 2018                                **McDOUGAL, LOVE, BOEHMER, FOLEY,**
                                                    **LYON & CANLAS, CITY ATTORNEY FOR**
                                                    **CITY OF IMPERIAL BEACH**

                                        By:  */s/ Jennifer Lyon*
                                                JENNIFER LYON, City Attorney
                                                STEVEN E. BOEHMER, Assistant City
                                                Attorney

                                                *Attorneys for City of Imperial Beach and The*
                                                *People of the State of California*

**PLAINTIFFS' OPP. TO MOT. TO STAY REMAND ORDER PENDING APPEAL**
**CASE NOS. 3:17-CV-04929-VC, 3:17-CV-04934-VC, 3:17-CV-04935-VC**

14

Dated: April 2, 2018

**SHER EDLING LLP**

*/s/ Victor M. Sher*

VICTOR M. SHER (SBN 96197)
vic@sheredling.com
MATTHEW K. EDLING (SBN 250940)
matt@sheredling.com
KATIE H. JONES (SBN 300913)
katie@sheredling.com
MARTIN D. QUIÑONES (SBN 293318)
marty@sheredling.com
TIMOTHY R. SLOANE (SBN 292864)
tim@sheredling.com
MEREDITH S. WILENSKY (SBN 309268)
meredith@sheredling.com
**SHER EDLING LLP**
100 Montgomery Street, Ste. 1410
San Francisco, CA 94104
Tel: (628) 231-2500
Fax: (628) 231-2929

*Attorneys for Plaintiffs*

**PLAINTIFFS' OPP. TO MOT. TO STAY REMAND ORDER PENDING APPEAL**
**CASE NOS. 3:17-CV-04929-VC, 3:17-CV-04934-VC, 3:17-CV-04935-VC**

15

SHER
EDLING LLP

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 2, 2018, the foregoing document(s) was filed with the Clerk of the Court via CM/ECF.  Notice of this filing will be sent by email to all registered parties by operation of the Court's electronic filing systems.

Dated:  April 2, 2018                                    <u>*/s/ Victor M. Sher*     </u>
                                                                          Victor M. Sher