Theodore J. Boutrous, Jr. (SBN 132099)
    tboutrous@gibsondunn.com
Andrea E. Neuman (SBN 149733)
    aneuman@gibsondunn.com
William E. Thomson (SBN 187912)
    wthomson@gibsondunn.com
Ethan D. Dettmer (SBN 196046)
    edettmer@gibsondunn.com
Joshua S. Lipshutz (SBN 242557)
    jlipshutz@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone:  213.229.7000
Facsimile:  213.229.7520

Herbert J. Stern (*pro hac vice*)
    hstern@sgklaw.com
Joel M. Silverstein (*pro hac vice*)
    jsilverstein@sgklaw.com
STERN & KILCULLEN, LLC
325 Columbia Turnpike, Suite 110
Florham Park, NJ 07932-0992
Telephone:  973.535.1900
Facsimile:  973.535.9664

Neal S. Manne (SBN 94101)
    nmanne@susmangodfrey.com
Johnny W. Carter (*pro hac vice*)
    jcarter@susmangodfrey.com
Erica Harris (*pro hac vice* pending)
    eharris@susmangodfrey.com
Steven Shepard (*pro hac vice*)
    sshepard@susmangodfrey.com
SUSMAN GODFREY LLP
1000 Louisiana, Suite 5100
Houston, TX 77002
Telephone:  713.651.9366
Facsimile:  713.654.6666

*Attorneys for Defendant Chevron Corporation
and Chevron U.S.A., Inc.*
[*Additional Counsel Listed on Signature Page*]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| The COUNTY OF SAN MATEO, individually and on behalf of THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Plaintiff,<br><br>    v.<br><br>CHEVRON CORP., et al.,<br><br>    Defendants. | First Filed Case:  No. 3:17-cv-4929-VC<br>Related Case:      No. 3:17-cv-4934-VC<br>Related Case:      No. 3:17-cv-4935-VC<br><br>**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STAY PENDING APPEAL OF REMAND ORDER**<br><br>Case No. 3:17-cv-4929-VC<br><br>THE HONORABLE VINCE CHHABRIA |

Gibson, Dunn &
Crutcher LLP

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STAY PENDING APPEAL OF REMAND ORDER
CASE NOS. 3:17-CV-4929-VC, 3:17-CV-4934-VC, 3:17-CV-4935-VC

| | |
|---|---|
| The CITY OF IMPERIAL BEACH, a municipal corporation, individually and on behalf of THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>       Plaintiff,<br><br>    v.<br><br>CHEVRON CORP., et al.,<br><br>       Defendants. | Case No. 3:17-cv-4934-VC |
| The COUNTY OF MARIN, individually and on behalf of THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>       Plaintiff,<br><br>v.<br><br>CHEVRON CORP., et al.,<br><br>       Defendants. | Case No. 3:17-cv-4935-VC |

Gibson, Dunn & Crutcher LLP

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STAY PENDING APPEAL OF REMAND ORDER
CASE NOS. 3:17-CV-4929-VC, 3:17-CV-4934-VC, 3:17-CV-4935-VC

# **<u>TABLE OF CONTENTS</u>**

I.  INTRODUCTION ................................................................................................................. 1

II. ARGUMENT .................................................................................................................... 1

    A.    Defendants' Appeal Raises Many Serious Legal Questions About Federal
          Jurisdiction Over Global Warming-Related Nuisance Claims ..................................... 1

          1.    This Court's Entire Remand Order Is Already On Appeal ............................. 1

          2.    At A Minimum, Defendants Have A Sufficient Likelihood Of Success
               On The Question Of Federal Common Law Jurisdiction ................................ 3

    B.    Defendants Will Suffer Irreparable Harm Absent A Stay, Whereas A Stay Will
          Result In No Harm At All To Plaintiffs ....................................................................... 5

III. CONCLUSION ................................................................................................................. 7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Gibson, Dunn &
Crutcher LLP

# TABLE OF AUTHORITIES

**Cases**

*Am. Elec. Power Co., Inc. v. Connecticut,*
    564 U.S. 410 (2011) ...........................................................................................................4

*Antonelli v. Finish Line, Inc.,*
    2012 WL 2499930 (N.D. Cal. June 27, 2012) ...............................................................3

*Arnold v. Bristol-Myers Squibb Co.,*
    2013 WL 12174303 (N.D. Cal. Apr. 3, 2013) ...............................................................6

*Aviles v. Quik Pick Express, LLC,*
    2016 WL 6902458 (C.D. Cal. Jan. 25, 2016) ...............................................................3

*Brown v. Wal-Mart Stores, Inc.,*
    2012 WL 5818300 (N.D. Cal. Nov. 15, 2012) ...............................................................3

*California v. BP P.L.C.,*
    2018 WL 1064293 (N.D. Cal. Feb. 27, 2018) ............................................................3, 4

*Citibank, N.A. v. Jackson,*
    2017 WL 4511348 (W.D.N.C. Oct. 10, 2017) ...............................................................7

*Collegium Fund, LLC, Series 5 v. Wells Fargo Bank, N.A.,*
    2013 WL 6692952 (D. Nev. Dec. 17, 2013) ...............................................................4

*Dalton v. Walgreen Co.,*
    2013 WL 2367837 (E.D. Mo. May 29, 2013) ............................................................6, 7

*Decatur Hosp. Auth. v. Aetna Health, Inc.,*
    854 F.3d 292 (5th Cir. 2017) ...............................................................2

*Finder v. Leprino Foods Co.,*
    2016 WL 4095833 (E.D. Cal. Aug. 1, 2016) ...............................................................4

*Golden Gate Rest. Ass'n v. City & Cty. of S.F.,*
    512 F.3d 1112 (9th Cir. 2008) ...............................................................7

*Goncalves ex rel. Goncalves v. Rady's Children's Hosp. San Diego,*
    865 F.3d 1237 (9th Cir. 2017) ...............................................................2

*In re Kenny G. Enters., LLC,*
    2014 WL 1806891 (C.D. Cal. May 7, 2014) ...............................................................4

*Lal v. Capital One Fin. Corp.,*
    2017 WL 282895 (N.D. Cal. Jan. 23, 2017) ...............................................................3

ii

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STAY PENDING APPEAL OF REMAND ORDER
CASE NOS. 3:17-CV-4929-VC, 3:17-CV-4934-VC, 3:17-CV-4935-VC

Gibson, Dunn &
Crutcher LLP

*Leiva-Perez v. Holder*,
  640 F.3d 962 (9th Cir. 2011)............................................................1, 3, 5

*Lu Junhong v. Boeing Co.*,
  792 F.3d 805 (7th Cir. 2015)....................................................................2

*Mays v. City of Flint, Mich.*,
  871 F.3d 437 (6th Cir. 2017)....................................................................2

*McElrath v. Uber Techs., Inc.*,
  2017 WL 1175591 (N.D. Cal. Mar. 30, 2017)...........................................3

*Mohamed v. Uber Techs., Inc.*,
  115 F. Supp. 3d 1024 (N.D. Cal. 2015) ....................................................7

*Native Vill. of Kivalina v. ExxonMobil Corp.*,
  696 F.3d 849 (9th Cir. 2012)....................................................................5

*Northrop Grumman Tech. Servs., Inc. v. Dyncorp Int'l LLC*,
  2016 WL 3346349 (E.D. Va. June 16, 2016) ........................................5, 6

*Pagliara v. Fed. Home Loan Mortg. Corp.*,
  2016 WL 2343921 (E.D. Va. May 4, 2016) ...............................................6

*Pokorny v. Quixtar Inc.*,
  2008 WL 1787111 (N.D. Cal. Apr. 17, 2008) ........................................4, 7

*Raskas v. Johnson & Johnson*,
  2013 WL 1818133 (E.D. Mo. Apr. 29, 2013)..........................................6, 7

*Risinger v. SOC LLC*,
  2015 WL 7573191 (D. Nev. Nov. 24, 2015) ..............................................4

*Steiner v. Apple Comp., Inc.*,
  2008 WL 1925197 (N.D. Cal. Apr. 29, 2008) ........................................6, 7

*Texas Indus., Inc. v. Radcliff Materials, Inc.*,
  451 U.S. 630 (1981).................................................................................5

*Veneruso v. Mount Vernon Neighborhood Heath Ctr.*,
  586 Fed. App'x 604 (2d Cir. 2014)...........................................................2

*Winig v. Cingular Wireless LLC*,
  2006 WL 3201047 (N.D. Cal. Nov. 6, 2006)..............................................5

*Yamaha Motor Corp., USA v. Calhoun*,
  516 U.S. 199 (1996).................................................................................2

**Statutes**

28 U.S.C. § 1442 ........................................................................................1

iii

Gibson, Dunn &
Crutcher LLP

28 U.S.C. § 1447 ..............................................................................................................1

**Treatises**

15A Wright et al., *Federal Practice & Procedure* § 3914.11 (2d ed.) ...................................2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Gibson, Dunn &
Crutcher LLP

iv
REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STAY PENDING APPEAL OF REMAND ORDER
CASE NOS. 3:17-CV-4929-VC, 3:17-CV-4934-VC, 3:17-CV-4935-VC

# I.    INTRODUCTION

Two sets of materially identical lawsuits in this district seek to upend the nation's energy and environmental policies and extract billions of dollars from Defendants for the alleged climate impact of their lawful business operations.  One court has held that these claims belong in federal court, while another has held they must be litigated in state court.  Only the Ninth Circuit or the Supreme Court can resolve this split of authority, and only this set of cases presents a vehicle for doing so now—*before* the parties are forced to expend substantial resources litigating parallel actions in different court systems and *before* Defendants' right to a federal forum is frustrated and possibly defeated.  There is no reason to rush these cases back to state court without hearing what the Ninth Circuit has to say about federal jurisdiction over such important and potentially consequential litigation.  And for purposes of obtaining a stay in this Court, Defendants need only demonstrate a "minimum quantum of likely success" on *one* of their grounds for removal.  *Leiva-Perez v. Holder*, 640 F.3d 962, 967 (9th Cir. 2011).  Defendants easily satisfy that standard here.  This Court should exercise its discretion to stay the remand order so the appellate courts can resolve the intra-district split and decide these complex questions of federal jurisdiction.[1]

# II.    ARGUMENT

## A.    Defendants' Appeal Raises Many Serious Legal Questions About Federal Jurisdiction Over Global Warming-Related Nuisance Claims

Defendants' appeal raises serious legal questions, including a novel question of federal common law jurisdiction that has already divided two jurists in this district.  Such an intra-district split on a complex jurisdictional issue is the paradigmatic example of when a stay pending appeal is warranted.  The Ninth Circuit should be given an opportunity to resolve these important federal questions before these cases go back to state court.

### 1.    This Court's Entire Remand Order Is Already On Appeal

Defendants removed this case, in part, under the federal officer removal statute and thus have a statutory right to appeal the Court's remand order.  *See* 28 U.S.C. §§ 1447(d), 1442.  This Court described Defendants' federal officer removal grounds as "dubious" on the merits, Order at 5, a label

---

[1]  This reply is submitted subject to, and without waiver of, any defense, affirmative defense, or objection, including personal jurisdiction, insufficient process, or insufficient service of process.

with which Defendants disagree. But correct or not, Defendants' argument is plainly not "frivolous," as Plaintiffs contend. Opp. at 3–4. And it is not the kind of "bare or frivolous invocation" of Section 1442, without factual support, that could result in dismissal of the appeal. *Veneruso v. Mount Vernon Neighborhood Heath Ctr.*, 586 Fed. App'x 604, 606 (2d Cir. 2014). Quite the contrary, Defendants set forth in great detail the factual basis for their assertion of federal officer removal, which is premised on Defendants' extensive production, distribution, and sale of fossil fuels at the direction of federal officers—a fact that Plaintiffs do not dispute. *See* Mot. at 10–11 & n.8; *see also* Dkt. 1 at 26–29; Dkt. 1-1, Exs. B–D; Dkt. 195 at 41–47. Thus, there is no question that Defendants have properly appealed this Court's remand order as a matter of right.[2]

Moreover, with the remand order properly before the Ninth Circuit on federal officer removal grounds, Plaintiffs do not seriously dispute that the Ninth Circuit has authority to review the entire remand order, including *all* of the grounds for removal asserted by Defendants. *See* Opp. at 4 ("[T]here is a substantial likelihood that the Ninth Circuit will adopt this Court's analysis—whether it rules on the federal-officer question only or on all of Defendants' meritless arguments."). That is not surprising; as the Seventh Circuit has explained, under the plain text of the statute, "once an appeal of a remand 'order' has been authorized by statute, the court of appeals may consider all of the legal issues entailed in the decision to remand." *Lu Junhong v. Boeing Co.*, 792 F.3d 805, 811 (7th Cir. 2015). The Fifth and Sixth Circuits, as well as the leading treatise on federal jurisdiction, are in accord. *See Decatur Hosp. Auth. v. Aetna Health, Inc.*, 854 F.3d 292, 296 (5th Cir. 2017) ("[I]f appellate review of an 'order' has been authorized, that means review of the 'order.' Not particular reasons *for* an order, but the order itself."); *Mays v. City of Flint, Mich.*, 871 F.3d 437, 442 (6th Cir. 2017); *see also* 15A Wright et al., Fed. Prac. & Proc. § 3914.11 (2d ed.) (updated Apr. 2017). And the Supreme Court's jurisprudence in the Section 1292 context leaves no other reasonable conclusion. *See Yamaha Motor Corp., USA v. Calhoun*, 516 U.S. 199, 205 (1996) ("[T]he text of § 1292(b) indicates[] appellate jurisdiction applies to the *order* certified to the court of appeals, and is not tied

---

2  Plaintiffs assert, and this Court found, that the *causal nexus* between Plaintiffs' claims and such conduct was too attenuated for federal officer jurisdiction, but Defendants' argument to the contrary is substantial, especially given that "the hurdle erected by the [causal-connection] requirement is quite low." *Goncalves ex rel. Goncalves v. Rady's Children's Hosp. San Diego*, 865 F.3d 1237, 1244–45 (9th Cir. 2017).

Gibson, Dunn & Crutcher LLP

to the particular question formulated by the district court.")

Thus, to prevail on appeal, Defendants need only persuade the Ninth Circuit that federal juris-diction is proper based on *one* of their grounds for removal—whether federal officer removal or *any other grounds*. And because of the intra-district split on the question of federal common law jurisdic-tion, there can be no question that Defendants have a sufficient likelihood of success to warrant a stay pending appeal.

## 2. At A Minimum, Defendants Have A Sufficient Likelihood Of Success On The Question Of Federal Common Law Jurisdiction

As discussed above, a stay is justified so long as Defendants can demonstrate a "minimum quantum of likely success" on appeal. *Leiva-Perez*, 640 F.3d at 967. Courts have defined this term in a variety of ways—as a "reasonable probability" or a "fair prospect" of success, as "a substantial case on the merits," or as a case in which "serious legal questions are raised." *Id.* at 967–68.[3]

Whatever the formulation, the standard is clearly met here because another court in this very district has already accepted federal jurisdiction over materially identical claims on the ground that they necessarily arise under federal common law. *See California v. BP P.L.C.*, 2018 WL 1064293, at *5 (N.D. Cal. Feb. 27, 2018) ("Alsup Order"). And courts routinely hold that a split of authority among district courts gives rise to a serious legal question warranting a stay. *See, e.g.*, *Aviles v. Quik Pick Express, LLC*, 2016 WL 6902458, *3 (C.D. Cal. Jan. 25, 2016) ("Since *Oracle* and *Brennan*, the district courts in the Ninth Circuit have split on this precise issue. Therefore, Defendant's appeal raises a substantial question of law that the Ninth Circuit has yet to address."); *Brown v. Wal-Mart Stores, Inc.*, 2012 WL 5818300, at *3 (N.D. Cal. Nov. 15, 2012) ("Because the Ninth Circuit has not considered the propriety of certifying a class under California's suitable seating laws, and because the district courts have varied in their application of *Dukes*, the court finds that Defendant has presented a 'serious legal question' in its Rule 23(f) petition and the first factor thus weighs in favor of a stay."); *Antonelli v. Finish Line, Inc.*, 2012 WL 2499930, at *2 (N.D. Cal. June 27, 2012) ("The resulting

---

[3]   In certain circumstances, courts do not even require a showing of a likelihood of success on the merits when deciding whether to exercise their discretion to stay an action. *See, e.g.*, *Lal v. Capital One Fin. Corp.*, 2017 WL 282895, at *2–3 (N.D. Cal. Jan. 23, 2017); *McElrath v. Uber Techs., Inc.*, 2017 WL 1175591, at *5 (N.D. Cal. Mar. 30, 2017). In such situations, a stay is warranted where a balancing of the interests favors a stay of the proceeding pending the resolution of another action. As discussed *infra*, those same interests warrant a stay here.

split of district court authority surrounding this question demonstrates that it is not clear cut, and direction from the appellate court would certainly materially advance the ultimate termination of this litigation. This factor, therefore, weighs in favor of granting the stay." (internal citations omitted)); *Collegium Fund, LLC, Series 5 v. Wells Fargo Bank, N.A.*, 2013 WL 6692952, at *2 (D. Nev. Dec. 17, 2013) ("[G]iven the developing split [among district courts] on the interpretation of section 116.3116, the Court concludes that Plaintiff has carried this burden" under the first stay prong).[4]

As Judge Alsup explained in his order declining to remand materially identical claims, "Plaintiffs' nuisance claims—which address the national and international geophysical phenomenon of global warming—are necessarily governed by federal common law." Alsup Order at *2. Judge Alsup observed that "[i]f ever a problem cried out for a uniform and comprehensive solution, it is the geophysical problem described by the complaints, a problem centuries in the making (and studying) with causes ranging from volcanoes, to wildfires, to deforestation to stimulation of other greenhouse gases." *Id.* at *3. Citing Supreme Court and Ninth Circuit precedent, he therefore concluded that federal common law's "uniform standard of decision is necessary to deal with the issues raised in plaintiffs' complaints." *Id.*

Judge Alsup's order finds ample support in the case law. For example, the Supreme Court has on several occasions confirmed that "[w]hen we deal with air and water in their ambient or interstate aspects, there is a federal common law." *Am. Elec. Power Co., Inc. v. Connecticut*, 564 U.S. 410, 421 (2011) ("*AEP*") (*quoting Illinois v. City of Milwaukee*, 406 U.S. 91, 103 (1972)). In such

---

[4] *See also Finder v. Leprino Foods Co.*, 2016 WL 4095833, at *5 (E.D. Cal. Aug. 1, 2016) (finding first prong satisfied where "courts are split on whether to characterize meal premiums as penalties or wages"); *Risinger v. SOC LLC*, 2015 WL 7573191, at *1 (D. Nev. Nov. 24, 2015) ("[T]his Court in its Order acknowledged that SOC had correctly identified competing approaches to evaluating reliance in class actions based on fraud. . . . Consequently, the Court agrees that SOC has identified a serious legal question and has satisfied the likelihood of success on the merits prong."); *In re Kenny G. Enters., LLC*, 2014 WL 1806891, at *2 (C.D. Cal. May 7, 2014) (concluding that movants "have established a 'strong showing' that they are likely to succeed on the merits" where "there is an earnest split of authority regarding whether 11 U.S.C. § 544(b) applies to postpetition transfers"); *Pokorny v. Quixtar Inc.*, 2008 WL 1787111, at *1 (N.D. Cal. Apr. 17, 2008) ("The first question [on appeal] is the resolution of an apparent split between this Court's ruling on the motion to compel arbitration and the rulings of a number of other state and federal courts. . . . Such conflicting rulings demonstrate that the law is unsettled and guidance from the appellate court would be beneficial.").

Gibson, Dunn &
Crutcher LLP

4

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STAY PENDING APPEAL OF REMAND ORDER
CASE NOS. 3:17-CV-4929-VC, 3:17-CV-4934-VC, 3:17-CV-4935-VC

situations, the "nature of the controversy makes it inappropriate for state law to control." *Texas Indus., Inc. v. Radcliff Materials, Inc.*, 451 U.S. 630, 641 (1981). Relying on *AEP*, the Ninth Circuit has similarly concluded that "federal common law includes the general subject of environmental law and specifically includes ambient or interstate air and water pollution." *Native Vill. of Kivalina v. ExxonMobil Corp.*, 696 F.3d 849, 855 (9th Cir. 2012).

Plaintiffs attack the merits of Judge Alsup's order. *See, e.g.*, Opp. at 6. But whether Judge Alsup was right or wrong is not the question. After all, a stay movant "need not demonstrate that it is more likely than not that [it] will win on the merits." *Leiva-Perez*, 640 F.3d at 966–67. On the contrary, a court "may grant a stay even though its own approach may be contrary to movant's view of the merits." *Winig v. Cingular Wireless LLC*, 2006 WL 3201047, at *2 (N.D. Cal. Nov. 6, 2006) (quotation marks omitted). There is no denying that two courts in this district have reached the exact opposite conclusion on this exact same question of law. *See* Order at 2 ("[T]he Court disagrees with [the Alsup Order]."). Accordingly, Defendants have satisfied the first stay factor.[5]

## B. Defendants Will Suffer Irreparable Harm Absent A Stay, Whereas A Stay Will Result In No Harm At All To Plaintiffs

Plaintiffs concede that, absent a stay of the remand order, Defendants will be forced to proceed simultaneously along at least three tracks: appeal of this Court's remand order to the Ninth Circuit, litigation of Plaintiffs' claims in as many as three different state courts, and litigation of nearly identical claims in this federal district court. The time-consuming and expensive parallel litigation of these cases, which could result in more inconsistent rulings on issues of global importance, would irreparably harm Defendants and undermine the interests of justice.

First, Defendants would be harmed if the state courts were to proceed with these cases and issue substantive rulings while the appeal is pending. As "[s]everal other courts have recognized . . . , a stay is appropriate to prevent rendering the statutory right to appeal 'hollow.'" *Northrop Grumman Tech. Servs., Inc. v. DynCorp Int'l LLC*, 2016 WL 3346349, at *3 (E.D. Va. June 16, 2016) (collecting cases). Plaintiffs' blithe response—that, should the Ninth Circuit reverse the remand order, the

---

[5]  As explained in Defendants' motion to stay, there are numerous other grounds for removal on which Defendants have demonstrated a "minimum quantum of likely success" on appeal. *See* Mot. at 6–13. But because a stay is justified so long as Defendants carry their burden with respect to a single ground for removal, the Court need not delve into those other issues.

Gibson, Dunn &
Crutcher LLP

proceedings would simply "pick up exactly where they were left by the state court judges"—overlooks the "potential for nightmarish procedural complications arising from parallel proceedings in state and federal court," including conflicting decisions in the state and federal actions and misconstructions of federal law by the state courts. *Id.* at *4. These concerns routinely form the basis for a stay. *Id.*; *see also Arnold v. Bristol-Myers Squibb Co.*, 2013 WL 12174303, at *1 (N.D. Cal. Apr. 3, 2013) (granting stay and noting that, "if the Court were to grant the motion [to remand], . . . Defendant would be prejudiced by having to litigate this case in state court instead of [in federal court]"); *Raskas v. Johnson & Johnson*, 2013 WL 1818133, at *2 (E.D. Mo. Apr. 29, 2013); *Dalton v. Walgreen Co.*, 2013 WL 2367837, at *2 (E.D. Mo. May 29, 2013). In short, the very real prospect that "an intervening state court judgment or order could render the appeal meaningless" warrants a stay of the remand order pending appeal. *Northrop Grumman*, 2016 WL 3346349, at *4.

Second, Defendants would suffer irreparable harm because they would be forced to spend substantial amounts of time and money litigating issues and engaging in protracted discovery in state court—while litigating those same issues in this federal district court. Plaintiffs discount this harm, arguing that there would be "[n]o incremental burden" on Defendants because the only difference between litigating in state or federal court would be whether "these cases [are] supervised by a California Superior Court rather than by a Federal District Court." Opp. at 11. But courts grant stays where the parties may face the "potential hardship of duplicative and inconsistent discovery obligations" from different courts—exactly the situation that would unfold here in light of the pending federal litigation before Judge Alsup. *Pagliara v. Fed. Home Loan Mortg. Corp.*, 2016 WL 2343921, at *3 (E.D. Va. May 4, 2016). Moreover, Plaintiffs' response ignores the possibility that these cases might proceed to discovery in state court even though they might never get that far in federal court—after all, the entire premise of these lawsuits is to circumvent federal decisions, including *AEP* and *Kivalina*, that have dismissed nearly identical claims under federal law.

Similarly, "were the Ninth Circuit to reverse," Defendants "will [have] suffer[ed] lost time and money" litigating in state court, which also constitutes irreparable harm. *Steiner v. Apple Comp., Inc.*, 2008 WL 1925197, at *5 (N.D. Cal. Apr. 29, 2008). Courts take these costs especially seriously

Gibson, Dunn &
Crutcher LLP

when the question at issue is the proper forum for litigation, and they routinely grant stays in such situations. *Id.* Moreover, the Ninth Circuit has considered "otherwise avoidable financial costs" in the irreparable harm analysis, and Plaintiffs do not—and cannot—dispute that Defendants will have suffered such costs should the Ninth Circuit or Supreme Court ultimately reverse this Court's remand order, if no stay is in place in the interim. *Golden Gate Rest. Ass'n v. City & Cty. of S.F.*, 512 F.3d 1112, 1125 (9th Cir. 2008); *see also Raskas*, 2013 WL 1818133, at *2; *Citibank, N.A. v. Jackson*, 2017 WL 4511348, at *2 (W.D.N.C. Oct. 10, 2017).

On the other side of the balance, Plaintiffs will suffer no harm at all as a result of a stay. If anything, Plaintiffs will benefit from a stay because they would avoid the costs of litigating unnecessarily in state court. *See Dalton*, 2013 WL 2367837, at *2. Although Plaintiffs argue that a stay would prevent them "from seeking prompt redress of their claims," Opp. at 13, there is no great urgency to resolve their claims, which allege future injury that is unlikely to materialize *for decades* (if at all). *See* San Mateo Compl. ¶¶ 7–8. In fact, the only impact a stay might have on Plaintiffs' action is to delay discovery and other pre-trial matters while the Ninth Circuit determines where such issues should be decided. But "a stay pending appeal will not prejudice Plaintiffs' ability to conduct discovery and prosecute the action . . . after the appeal," *Pokorny*, 2008 WL 1787111, at *2, especially where, as here, "the parties are all aware of their obligations to preserve evidence," *Mohamed v. Uber Techs.*, 115 F. Supp. 3d 1024, 1034–35 (N.D. Cal. 2015).[6]

## III.  CONCLUSION

For the reasons set forth above and in Defendants' motion to stay, this Court should stay its remand order to allow the Ninth Circuit to resolve the intra-district split that has emerged and decide these important issues of federal jurisdiction.

---

[6]  If the speed of the appeal is an important consideration for this Court, Defendants would be willing to seek to expedite the appeal or support an effort by Plaintiffs to do so.

7

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STAY PENDING APPEAL OF REMAND ORDER
CASE NOS. 3:17-CV-4929-VC, 3:17-CV-4934-VC, 3:17-CV-4935-VC

Gibson, Dunn &
Crutcher LLP

April 5, 2018

Respectfully submitted,

By: **/s/ Jonathan W. Hughes

By: /s/ Theodore J. Boutrous

Jonathan W. Hughes (SBN 186829)
ARNOLD & PORTER KAYE SCHOLER
LLP
Three Embarcadero Center, 10th Floor
San Francisco, California 94111-4024
Telephone: (415) 471-3100
Facsimile: (415) 471-3400
E-mail: jonathan.hughes@apks.com

Matthew T. Heartney (SBN 123516)
John D. Lombardo (SBN 187142)
ARNOLD & PORTER KAYE SCHOLER
LLP
777 South Figueroa Street, 44th Floor
Los Angeles, California 90017-5844
Telephone: (213) 243-4000
Facsimile: (213) 243-4199
E-mail: matthew.heartney@apks.com
E-mail: john.lombardo@apks.com

Philip H. Curtis (*pro hac vice*)
Nancy Milburn (*pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER
LLP
250 West 55th Street
New York, NY 10019-9710
Telephone: (212) 836-8383
Facsimile: (212) 715-1399
E-mail: philip.curtis@apks.com
E-mail: nancy.milburn@apks.com

*Attorneys for Defendants BP P.L.C. and
BP AMERICA, INC.*

Theodore J. Boutrous, Jr. (SBN 132099)
Andrea E. Neuman (SBN 149733)
William E. Thomson (SBN 187912)
Ethan D. Dettmer (SBN 196046)
Joshua S. Lipshutz (SBN 242557)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7000
Facsimile: (213) 229-7520
E-mail: tboutrous@gibsondunn.com
E-mail: aneuman@gibsondunn.com
E-mail: wthomson@gibsondunn.com
E-mail: edettmer@gibsondunn.com
E-mail: jlipshutz@gibsondunn.com

Herbert J. Stern (*pro hac vice*)
Joel M. Silverstein (*pro hac vice*)
STERN & KILCULLEN, LLC
325 Columbia Turnpike, Suite 110
Florham Park, NJ 07932-0992
Telephone: (973) 535-1900
Facsimile: (973) 535-9664
E-mail: hstern@sgklaw.com
E-mail: jsilverstein@sgklaw.com

Neal S. Manne (SBN 94101)
Johnny W. Carter (*pro hac vice*)
Erica Harris (*pro hac vice*)
Steven Shepard (*pro hac vice*)
SUSMAN GODFREY LLP
1000 Louisiana, Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
E-mail: nmanne@susmangodfrey.com
E-mail: jcarter@susmangodfrey.com
E-mail: eharris@susmangodfrey.com
E-mail: sshepard@susmangodfrey.com

*Attorneys for Defendants CHEVRON CORP.
and CHEVRON U.S.A., INC.*

** Pursuant to Civ. L.R. 5-1(i)(3), the elec-
tronic signatory has obtained approval from
all other signatories

8
REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STAY PENDING APPEAL OF REMAND ORDER
CASE NOS. 3:17-CV-4929-VC, 3:17-CV-4934-VC, 3:17-CV-4935-VC

Gibson, Dunn &
Crutcher LLP

By: **/s/ Carol M. Wood

Megan R. Nishikawa (SBN 271670)
Nicholas A. Miller-Stratton (SBN 319240)
KING & SPALDING LLP
101 Second Street, Suite 2300
San Francisco, California 94105
Telephone: (415) 318-1200
Facsimile: (415) 318-1300
Email:  mnishikawa@kslaw.com
Email:  nstratton@kslaw.com

Tracie J. Renfroe (*pro hac vice*)
Carol M. Wood (*pro hac vice*)
KING & SPALDING LLP
1100 Louisiana Street, Suite 4000
Houston, Texas 77002
Telephone: (713) 751-3200
Facsimile: (713) 751-3290
Email:  trenfroe@kslaw.com
Email:  cwood@kslaw.com

Justin A. Torres (*pro hac vice*)
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW
Suite 200
Washington, DC 20006-4707
Telephone: (202) 737 0500
Facsimile: (202) 626 3737
Email: jtorres@kslaw.com

*Attorneys for Defendants*
*CONOCOPHILLIPS and CONOCOPHIL-*
*LIPS COMPANY*

By: **/s/ Dawn Sestito

M. Randall Oppenheimer (SBN 77649)
Dawn Sestito (SBN 214011)
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California  90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
E-Mail:  roppenheimer@omm.com
E-Mail:  dsestito@omm.com

Theodore V. Wells, Jr. (*pro hac vice*)
Daniel J. Toal (*pro hac vice*)
Jaren E. Janghorbani (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
E-Mail:  twells@paulweiss.com
E-Mail:  dtoal@paulweiss.com
E-Mail: jjanghorbani@paulweiss.com

*Attorneys for Defendant*
*EXXON MOBIL CORPORATION*

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STAY PENDING APPEAL OF REMAND ORDER
CASE NOS. 3:17-CV-4929-VC, 3:17-CV-4934-VC, 3:17-CV-4935-VC

Gibson, Dunn &
Crutcher LLP

By: /s/ Daniel P. Collins

Daniel P. Collins (SBN 139164)
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue
Fiftieth Floor
Los Angeles, California 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702
E-mail: daniel.collins@mto.com

Jerome C. Roth (SBN 159483)
Elizabeth A. Kim (SBN 295277)
MUNGER, TOLLES & OLSON LLP
560 Mission Street
Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone: (415) 512-4000
Facsimile: (415) 512-4077
E-mail: jerome.roth@mto.com
E-mail: elizabeth.kim@mto.com

David C. Frederick (*pro hac vice*)
Brendan J. Crimmins (*pro hac vice*)
KELLOGG, HANSEN, TODD, FIGEL &
FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Telephone: (202) 326-7900
Facsimile: (202) 326-7999
E-mail: dfrederick@kellogghansen.com
E-mail: bcrimmins@kellogghansen.com

*Attorneys for Defendants ROYAL DUTCH
SHELL PLC and SHELL OIL PRODUCTS
COMPANY LLC*

By: /s/ Bryan M. Killian

Bryan M. Killian (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave NW
Washington, DC 20004
Telephone: (202) 373-6191
E-mail: bryan.killian@morganlewis.com

James J. Dragna (SBN 91492)
Yardena R. Zwang-Weissman (SBN 247111)
MORGAN, LEWIS & BOCKIUS LLP
300 South Grand Ave., 22nd Floor
Los Angeles, CA 90071-3132
Telephone: (213) 680-6436
E-Mail: jim.dragna@morganlewis.com
E-mail: yardena.zwang-
weissman@morganlewis.com

*Attorneys for Defendant
ANADARKO PETROLEUM CORPORATION*

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STAY PENDING APPEAL OF REMAND ORDER
CASE NOS. 3:17-CV-4929-VC, 3:17-CV-4934-VC, 3:17-CV-4935-VC

Gibson, Dunn &
Crutcher LLP

By: /s/ Thomas F. Koegel

Thomas F. Koegel, SBN 125852
CROWELL & MORING LLP
Three Embarcadero Center, 26th Floor
San Francisco, CA 94111
Telephone: (415) 986-2800
Facsimile: (415) 986-2827
E-mail: tkoegel@crowell.com

Kathleen Taylor Sooy (*pro hac vice*)
Tracy A. Roman (*pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: (202) 624-2500
Facsimile: (202) 628-5116
E-mail: ksooy@crowell.com
E-mail: troman@crowell.com

*Attorneys for Defendant*
*ARCH COAL, INC.*

By: /s/ William M. Sloan

William M. Sloan (CA SBN 203583)
Jessica L. Grant (CA SBN 178138)
VENABLE LLP
505 Montgomery St, Suite 1400
San Francisco, CA 94111
Telephone: (415) 653-3750
Facsimile: (415) 653-3755
E-mail: WMSloan@venable.com
Email: JGrant@venable.com

*Attorneys for Defendant*
*PEABODY ENERGY CORPORATION*

By: /s/ Patrick W. Mizell

Mortimer Hartwell (SBN 154556)
VINSON & ELKINS LLP
555 Mission Street Suite 2000
San Francisco, CA 94105
Telephone: (415) 979-6930
E-mail: mhartwell@velaw.com

Patrick W. Mizell (*pro hac vice*)
Deborah C. Milner (*pro hac vice*)
VINSON & ELKINS LLP
1001 Fannin Suite 2300
Houston, TX 77002
Telephone: (713) 758-2932
E-mail: pmizell@velaw.com
E-mail: cmilner@velaw.com

*Attorneys for Defendant*
*APACHE CORPORATION*

By: /s/ Andrew A. Kassof

Mark McKane, P.C. (SBN 230552)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California  94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
E-mail: mark.mckane@kirkland.com

Andrew A. Kassof, P.C. (*pro hac vice*)
Brenton Rogers (*pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
E-mail: andrew.kassof@kirkland.com
E-mail: brenton.rogers@kirkland.com

*Attorneys for Defendants*
*RIO TINTO ENERGY AMERICA INC., RIO*
*TINTO MINERALS, INC., and RIO TINTO*
*SERVICES INC.*

Gibson, Dunn &
Crutcher LLP

By: /s/ Gregory Evans

Gregory Evans (SBN 147623)
MCGUIREWOODS LLP
Wells Fargo Center
South Tower
355 S. Grand Avenue, Suite 4200
Los Angeles, CA 90071-3103
Telephone: (213) 457-9844
Facsimile: (213) 457-9888
E-mail: gevans@mcguirewoods.com

Steven R. Williams (*pro hac vice*)
Brian D. Schmalzbach (*pro hac vice*)
MCGUIREWOODS LLP
800 East Canal Street
Richmond, VA 23219-3916
Telephone: (804) 775-1141
Facsimile: (804) 698-2208
E-mail: srwilliams@mcguirewoods.com
E-mail: bschmalzbach@mcguirewoods.com

*Attorneys for Defendants*
*DEVON ENERGY CORPORATION and*
*DEVON ENERGY PRODUCTION COM-*
*PANY, L.P.*

By: /s/ Andrew McGaan

Christopher W. Keegan (SBN 232045)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
E-mail: chris.keegan@kirkland.com

Andrew R. McGaan, P.C. (*pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
E-mail: andrew.mcgaan@kirkland.com

Anna G. Rotman, P.C. (*pro hac vice*)
KIRKLAND & ELLIS LLP
609 Main Street
Houston, Texas 77002
Telephone: (713) 836-3600
Facsimile: (713) 836-3601
E-mail: anna.rotman@kirkland.com

Bryan D. Rohm (*pro hac vice*)
TOTAL E&P USA, INC.
1201 Louisiana Street, Suite 1800
Houston, TX 77002
Telephone: (713) 647-3420
E-mail: bryan.rohm@total.com

*Attorneys for Defendants*
*TOTAL E&P USA INC. and TOTAL SPE-*
*CIALTIES USA INC.*

Gibson, Dunn &
Crutcher LLP

12

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STAY PENDING APPEAL OF REMAND ORDER
CASE NOS. 3:17-CV-4929-VC, 3:17-CV-4934-VC, 3:17-CV-4935-VC

By: /s/ Michael F. Healy
Michael F. Healy (SBN 95098)
SHOOK HARDY & BACON LLP
One Montgomery St., Suite 2700
San Francisco, CA 94104
Telephone: (415) 544-1942
E-mail: mfhealy@shb.com

Michael L. Fox (SBN 173355)
DUANE MORRIS LLP
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA 94105-1127
Telephone: (415) 781-7900
E-mail: MLFox@duanemorris.com

*Attorneys for Defendant*
*ENCANA CORPORATION*

By: /s/ Peter Duchesneau
Craig A. Moyer (SBN 094187)
Peter Duchesneau (SBN 168917)
MANATT, PHELPS & PHILLIPS, LLP
11355 West Olympic Boulevard
Los Angeles, CA 90064-1614
Telephone: (310) 312-4000
Facsimile: (310) 312-4224
E-mail: cmoyer@manatt.com
E-mail: pduchesneau@manatt.com

Stephanie A. Roeser (SBN 306343)
MANATT, PHELPS & PHILLIPS, LLP
One Embarcadero Center, 30th Floor
San Francisco, CA 94111
Telephone: (415) 291-7400
Facsimile: (415) 291-7474
E-mail: sroeser@manatt.com

*Attorneys for Defendant*
*CITGO PETROLEUM CORPORATION*

Gibson, Dunn &
Crutcher LLP

By: */s/ J. Scott Janoe*

Christopher J. Carr (SBN 184076)
Jonathan A. Shapiro (SBN 257199)
BAKER BOTTS L.L.P.
101 California Street
36th Floor, Suite 3600
San Francisco, California 94111
Telephone: (415) 291-6200
Facsimile: (415) 291-6300
Email: chris.carr@bakerbotts.com
Email: jonathan.shapiro@bakerbotts.com

Scott Janoe (*pro hac vice*)
BAKER BOTTS L.L.P.
910 Louisiana Street
Houston, Texas 77002
Telephone: (713) 229-1553
Facsimile: (713) 229 7953
Email: scott.janoe@bakerbotts.com

Evan Young (*pro hac vice*)
BAKER BOTTS L.L.P.
98 San Jacinto Boulevard
Austin, Texas 78701
Telephone: (512) 322-2506
Facsimile: (512) 322-8306
Email: evan.young@bakerbotts.com

Megan Berge (*pro hac vice*)
BAKER BOTTS L.L.P.
1299 Pennsylvania Ave, NW
Washington, D.C. 20004
Telephone: (202) 639-7700
Facsimile: (202) 639-1171
Email: megan.berge@bakerbotts.com

*Attorneys for Defendants*
*HESS CORPORATION, MARATHON OIL*
*COMPANY, MARATHON OIL CORPORA-*
*TION, REPSOL ENERGY NORTH AMERICA*
*CORP., and REPSOL TRADING USA CORP.*

By: */s/ Steven M. Bauer*

Steven M. Bauer (SBN 135067)
Margaret A. Tough (SBN 218056)
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
E-mail: steven.bauer@lw.com
E-mail: margaret.tough@lw.com

*Attorneys for Defendant*
*PHILLIPS 66*

Gibson, Dunn &
Crutcher LLP

By: /s/ Marc A. Fuller

Marc A. Fuller (SBN 225462)
Matthew R. Stammel (*pro hac vice*)
VINSON & ELKINS L.L.P.
2001 Ross Avenue, Suite 3700
Dallas, TX 75201-2975
Telephone: (214) 220-7881
Facsimile: (214) 999-7881
E-mail: mfuller@velaw.com
E-mail: mstammel@velaw.com

Stephen C. Lewis (SBN 66590)
R. Morgan Gilhuly (SBN 133659)
BARG COFFIN LEWIS & TRAPP, LLP
350 California Street, 22nd Floor
San Francisco, California 94104-1435
Telephone: (415) 228-5400
Facsimile: (415) 228-5450
E-mail: slewis@bargcoffin.com
E-mail: mgilhuly@bargcoffin.com

*Attorneys for Defendants*
*OCCIDENTAL PETROLEUM CORP. and*
*OCCIDENTAL CHEMICAL CORP.*

By: /s/ David E. Cranston

David E. Cranston (SBN 122558)
GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor, Los An-
geles, CA 90067
Telephone: (310) 785-6897
Facsimile: (310) 201-2361
E-mail: DCranston@greenbergglusker.com

*Attorneys for Defendant*
*ENI OIL & GAS INC.*

By: /s/ Shannon S. Broome

Shannon S. Broome (SBN 150119)
Ann Marie Mortimer (SBN 169077)
HUNTON & WILLIAMS LLP
50 California Street, Suite 1700
San Francisco, CA 94111
Telephone: (415) 975-3700
Facsimile: (415).975-3701
E-mail: sbroome@hunton.com
E-mail: amortimer@hunton.com

Shawn Patrick Regan (pro hac vice)
HUNTON & WILLIAMS LLP
200 Park Avenue
New York, NY 10166-0136
Telephone: (212) 309-1000
Facsimile: (212) 309-1100
E-mail: sregan@hunton.com

*Attorneys for Defendant*
*MARATHON PETROLEUM CORPORATION*

Gibson, Dunn &
Crutcher LLP